

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 5, 1961

Honorable C. J. Eden
County Attorney
Stephens County
Breckenridge, Texas

Opinion No. WW-1209

Re: Interpretation of Article
6711, Vernon's Civil
Statutes.

Dear Mr. Eden:

You have requested that this office render an opinion giving an interpretation of Article 6711, Vernon's Civil Statutes, and more specifically sub paragraph 1 of this statute. Your request reads in part as follows:

"I am interested in whether or not there has been any court action testing the constitutionality of the statute, and furthermore, as to the position of the Commissioners Court in respect to their obligation to comply with a formal request made by an individual property owner. If you can shed any light on either of these two questions, it will be greatly appreciated."

Article 6711, Vernon's Civil Statutes, to which you refer, reads in part as follows:

"Any lines between different persons or owners of lands, any section line, or any practicable route, practicable route as used herein, shall mean a route which will not unduly inconvenience the owners or persons occupying the land through which such route shall be declared, that the Commissioners Court may agree on in order to avoid hills, mountains, or streams through any and all enclosures, shall be declared a public highway on the following conditions:

"1. One or more freeholders, or owners of lands, persons, firms, or corporations, into whose lands there is now no public road or public means of access, who desires an access road connecting his said land with the county public road system, may make a sworn application to the Com-

missioners Court for an order establishing
such road, designating the lines sought to be
opened, and the names and residences of the
person or persons affected by such proposed
access road, and stating the facts which show
a necessity therefor.

"   . . .

"3.   At a regular term of the court,
after due service of such notice, the court
may hear evidence as to the truth of such
application, and if it appears that the said
applicants have no means of access to their
lands and premises, it may issue an order
declaring the lines designated in the applica-
tion, . . . to be a public highway, . . ."
(Emphasis supplied)

A clear statement of the purpose and intent of the
Legislature in this entire matter can be found in Section 2
of the 1953 amendatory act.   Acts, 1953, 53rd Leg., p. 1054,
ch. 438, sec. 3, which provides:

"It is the purpose of this Act to make
accessible to the public, properties belonging
to such private individuals as have been de-
prived, or may be deprived of any means of ac-
cess to their said properties from the county
public road system, and which properties are not
now accessible to the general public, by establish-
ing such roads over the most economical and con-
venient route to be determined as hereinabove set
out."

In regard to the portion of your inquiry regarding
the constitutionality of this statute, you are referred to the
case of Phillips v. Stockton, 270 S.W.2d 266 (Civ.App. 1954,
reversed on other grounds, 275 S.W.2d 464) in which the court
pointed out that the constitutionality of this statute author-
izing the creation of public highways across another's land
to give landowners living within enclosures access to highways,
rests upon the obligation of the sovereignty to afford to each
member of the community a reasonable means of enjoying the
privileges and discharging the duties of a citizen.   We have
found no other cases in which the constitutionality of this
statute was raised or discussed.

Before proceeding further in this inquiry, we should like to direct your attention specifically to the statement of purpose set out in Section 2 of the 1953 amendatory act, supra. Therein the Legislature spells out its intention (i.e. to make that property belonging to private individuals who are without access to the county public road system accessible to the public through the opening of a public road over the most convenient and economical route.) Any action of the Commissioners Court relative to this matter must necessarily be taken with a view to this overall purpose. It must give effect to the purpose and intent of the Legislature. Morris v. Calvert, 329 S.W.2d 117 (Civ.App. 1959, error ref. n.r.e.)

Further, in regard to your inquiry as to the position of the Commissioners Court in respect to its obligation to comply with a formal request made by an individual property owner, we held in Attorney General's Opinion WW-872 (1960) that insofar as the order which the Court can issue under this statute, the issuance of such was within the discretion of the Commissioners Court. This opinion reads in part as follows:

"It would be inaccurate to describe the statute, in its entirety, as being either 'mandatory' or 'directory.' The statute lists certain procedures which must be followed, and directs some actions of the county commissioners. However, the order which may be issued by the Commissioners Court after hearing the evidence is subject to the discretion of the Court."

The Court, in the case of Phillips v. Naumann, 154 Tex. 153, 275 S.W.2d 464 (1955), directed its attention to this question and held in part that in order for the Commissioners Court to have the authority to order the opening of the public road under the Article under review, the petition must allege "the facts which show a necessity for such road", and that the facts alleged must be established by the evidence, and that the Commissioners Court "deems the road of sufficient public importance."

However, prior to 1953, the issuance of court orders under this Article was specifically dependent in addition on a finding of the Commissioners Court that said road was of "sufficient public importance." Phillips v. Naumann, supra, was decided on the basis of the wording of the Article prior to 1953. Relative to the issuance of court orders, the statute was amended in 1953, Acts, 1953, 53rd Leg., p. 1054, ch. 438, sec. 3, to omit the following:  "if the Commissioners Court

deems said road of sufficient public importance", and in lieu thereof, the Legislature inserted provisions relating to the hearing of evidence and to the issuance of orders where land-owners have no means of access to their lands.   Thus, the Commissioners Court is no longer required to deem the road "of sufficient public importance"; but only has to find that a necessity for such road exists within the meaning of the statute.   To this extent, Phillips v. Naumann, supra, is still a valid statement of the law.

Thus, we are of the opinion that the obligation of the Commissioners Court to comply with the formal request made by an individual property owner is discretionary, and should be in accord with the purpose of the act as set out above.   However, the facts showing a necessity for such road must not only be alleged, but must be established by the evidence within the terms of the statute before an appropriate order may be issued declaring the lines designated in the application to be a public highway.

### S U M M A R Y

The obligation of the Commissioners Court to comply with a formal request of an individual property owner under Article 6711, Vernon's Civil Statutes, is discretionary and dependent on whether the facts showing a necessity for such a road are alleged and established by the evidence within the terms of the statute.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Eugene B. Smith
Assistant

EBS:dhs:zt

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Marvin Thomas
Robert Lewis
Morgan Nesbitt
Marvin Sentelle

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Houghton Brownlee, Jr.